UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CISNEROS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MORENO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00628-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed May 8, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated a failure-to-protect claim against defendant Moreno for violation of plaintiff's Eighth Amendment rights. The court will recommend that plaintiff's remaining claims be dismissed without prejudice and that he be granted leave to amend the complaint.

## I. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. THE COMPLAINT[1]

Plaintiff is a state prisoner incarcerated at the California Substance Abuse Treatment Facility, Corcoran ("SATF"). *Id.* at 1. Plaintiff names three defendants who are correctional officers at SATF: Moreno, Lopez, and Doony. *Id.* at 2. Plaintiff's fourth named defendant is

---

[1] The court draws the facts in this section from plaintiff's complaint, ECF No. 1, and accepts them as true for screening purposes.

2

California Department of Corrections and Rehabilitation ("CDCR"). *Id.*

Plaintiff alleges:

> On several occasions during the month of March 2018, I notified C/O Moreno that I was being threatened by an inmate by the name of MacCall. I told officer Moreno that the individual was threatening to do physical harm to me, and that I would like to be moved, or that Mr. MacCall should be moved. I kept being told that the situation would be handled and that I don't have to worry about anything. However, on April 7th, 2018, I was jumped by MacCall and was seriously injured. I received stitches in [my] head, and bruises all over my body. After receiving medical attention to my injuries, I was then moved out of A-Yard, where the beating [occurred], to B-Yard. I was informed that inmate MacCall was taken to [administrative segregation] for the assault. The injuries I had received required me to be ambulatory removed from the scene to be treated. I had reported the abuse I was receiving from MacCall to several other officers, but to no resolution from any of them. Had the staff responded to my complaints and notification of the abuse and threats I was receiving from MacCall, I would not have the stitches in my head, nor the consistent headaches I am having.

*Id.* at 3.

Plaintiff claims: "Civil Rights violation of equal protection. Discrimination, Abuse under color of Authority." *Id.* Plaintiff seeks monetary relief. *Id.* at 6.

**III. DISCUSSION**

**A. Requirements under 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must allege that a defendant, while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally participates in a deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of

personal involvement in an alleged deprivation do not suffice. *Id*.

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). This prohibition extends to state agencies and suits seeking monetary damages for past injury. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Considering the foregoing, defendant CDCR is immune from suit under the Eleventh Amendment, and we will recommend that the claim against CDCR be dismissed.

On the other hand, the three remaining defendants—state prison employees who can be inferred to have acted under color of state law—are proper defendants. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff has alleged that each of these three defendants—Moreno, Lopez, and Doony—personally participated in the alleged constitutional deprivations as required by § 1983. *See Preschooler II*, 479 F.3d at 1183.

Plaintiff plausibly alleges that defendant Moreno personally participated in the alleged deprivations. Plaintiff contends that he told Moreno about the threats he was facing from MacCall, and Moreno failed to protect plaintiff.

Plaintiff does not plausibly allege that defendants Lopez or Doony personally participated in the alleged deprivations. Indeed, plaintiff makes no allegations against them at all. If these defendants were involved in the situation plaintiff describes above, plaintiff must say so explicitly. Plaintiff will be given leave to amend his complaint to cure this deficiency.

The remaining question is whether the defendant Moreno's alleged actions violated federal law. Plaintiff seeks to bring the following claims: "Civil Rights violation of equal protection. Discrimination, Abuse under color of Authority." ECF No. 1 at 3. Plaintiff's allegations, as currently stated, do not state the claims he seeks to bring. However, the facts do implicate a failure-to-protect claim under the Eighth Amendment, which we will consider below.

### B. Failure to Protect in Violation of the Eighth Amendment

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must prove that prison officials were "deliberately indifferen[t]" to serious threats to his or her safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to an inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (explaining that subjective deliberate indifference standard under the Eighth Amendment is well established). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Here, the court finds that plaintiff has stated a cognizable Eighth Amendment failure-to-protect claim against defendant Moreno. According to the complaint, plaintiff warned Moreno on several occasions of threats he received from MacCall. Plaintiff further alleges that MacCall acted on those threats by seriously injuring plaintiff. These allegations are sufficient to state a claim against Moreno.

### IV. CONCLUSION

The court has screened plaintiff's complaint and finds that plaintiff states a failure-to-protect claim against defendant Moreno. The court will recommend that plaintiff's remaining claims be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## V. ORDER

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

## VI. RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge. *Id.* Thus, the undersigned submits the following findings and recommendations to a United

States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a failure-to-protect claim against defendant Moreno.
2. Plaintiff's remaining claims should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
3. If plaintiff files an amended complaint, defendant Moreno should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 20, 2019

_____

UNITED STATES MAGISTRATE JUDGE

No. 203.